IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY WOODS, | ) |
|     Plaintiff, | ) |
| v. | ) CASE NO. 2:16-cv-318-MHT-SRW |
| UNITED STATES FEDERAL GOVERNMENT, CHARLIE TESNER, FRED B. MATTHEW, and OFFICER ARMSTRONG, | ) |
|     Defendants. | ) |

## ORDER and RECOMMENDATION
## OF THE MAGISTRATE JUDGE

The presiding District Judge referred this case to the undersigned for action or recommendation on all pretrial matters. (Doc. 3). Plaintiff Timothy Woods ("Woods"), proceeding *pro se*, has filed a motion for leave to proceed in forma pauperis in this action. Upon consideration of the motion, it is

ORDERED that the motion (Doc. 2) is GRANTED.

However, upon review of the complaint, the court concludes that plaintiff's claims are barred by the applicable statute of limitations and, thus, are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The statute provides, in relevant part: "[T]he court shall dismiss the case at any time if the court determines that … the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B).

1

I.      **Introduction and Relevant Facts**

Woods filed this 42 U.S.C. § 1983 action on May 5, 2016. He amended his complaint on June 7, 2016.[2] In the amendment, Woods added claims against Fred B. Matthew[3] and Officer Armstrong. He brings this action to recover money and a vehicle that allegedly were stolen from him. Upon its review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Woods alleges that Charlie Tesner and/or Fred B. Matthews stole $5,000 from him on June 26, 1994. He also claims that Officer Armstrong took more than $8,000 from him in 2006, and that Officer Armstrong and a "cop buddy" stole a "1991 Grand Pixi" vehicle from him, also in 2006.

II.     **Discussion**

Under applicable case law,

> [a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S., 261, 275–76 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Maudlin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in

---

[2] This document was docketed as a "Statement from Plaintiff," and Woods labeled the document as an "affidavit." In the document, Woods makes the same allegations as those set out in his original complaint and also adds new allegations. Under Federal Rule of Civil Procedure 15, plaintiff has a right to amend his complaint once as a matter of course. Consistent with its obligation to construe the *pro se* plaintiff's complaint liberally, the court construes this "Statement from Plaintiff" as an amended complaint bringing additional claims.

[3] Fred "Mathew" is referred to as Fred "Matthews" in the original complaint. Doc. 1 at 1, doc. 4 at 1. Woods claims that Matthews, his lawyer, forgot to provide him with a "claim sheet" to claim his "lawsuit money" on or about June 26, 1994. *See id*.

> order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run – i.e., when the cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, "[accrual occurs] when the plaintiff has a complete and present cause of action … that is, when the plaintiff can file suit and obtain relief[.]" *Id.* (amendment in the original) (citations, quotation marks omitted). Usually, accrual takes place when a person with a reasonable regard for his rights is aware or has reason to know that he has been injured, and is aware or should be aware who caused the injury. *Garza v. Hudson*, 436 F. App'x 924, 925 (11th Cir. 2011) (unpublished).

The causes of action raised in Woods' amended complaint accrued in 1994 and 2006, both dates that are well outside the two-year § 1983 statute of limitations. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Clark v. Georgia Pardons and Parole Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990). Therefore, Woods' complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IV.  Conclusion**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims be DISMISSED with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

2. This case be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

It is further ORDERED that **on or before June 27, 2017**, plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 13th day of June, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge